# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JAMES MILES** | : | **Case No. 1:08cv0355** |
| | : | |
| **Plaintiff,** | : | **JUDGE O'MALLEY** |
| | : | |
| **v.** | : | |
| | : | |
| **ARCELORMITTAL USA, INC.,** *et al.,* | : | **ORDER** |
| | : | |
| **Defendants.** | : | |

This matter arises on *Plaintiff's Motion to Remand to State Court For Lack of Federal Jurisdiction* ("Motion to Remand") (Doc. 7), which Defendants have opposed (Docs. 9 and 10). In sum, Plaintiff represents in his Motion to Remand (and its supporting papers) that he is only <u>seeking</u> damages in an amount not to exceed $74,500 – *i.e.*, less than the $75,000 requirement for diversity jurisdiction.[1] Defendants essentially argue that Plaintiff's representation is irrelevant to the removal inquiry.

Plaintiff's Motion to Remand shall be granted if, <u>within eleven (11) days of the date of this Order</u>, he files a *NOTICE OF COMPLIANCE IN SUPPORT OF REMAND* agreeing to the following:

---

[1]     In light of OHIO R. CIV. P. 8(A), which limits parties from specifying alleged damages if they exceed $25,000, the Motion to Remand was the first available opportunity for Plaintiff to articulate any details regarding the extent (or limitation) of his alleged damages. This fact, combined with the absence of any previous demand or representation indicating an intention to seek more than the jurisdictional amount, differentiates this case from the cases upon which Defendants rely. This is particularly true when, as here, there is no liquidated damages claim, and the allegations of harm are sufficiently vague that there is no way to tell whether Plaintiff is seeking a mere $25,001, over $75,000 or something in between.

> Plaintiff agrees that, in connection with the claims asserted in this case, he is not seeking and <u>will not accept</u> any portion of a judgment in excess of $74,500.  In other words, Plaintiff agrees that, despite any basis upon which a greater recovery could result irrespective of what he "seeks," Plaintiff agrees that his actual recovery shall not exceed $74,500.   Plaintiff agrees that any court of competent jurisdiction can enforce this limitation against him.

The notice:  (1) shall include verbatim the above language; (2) shall be executed by the Plaintiff and his counsel; and (3) shall be dated.

Upon Plaintiff's timely filing of a compliant notice, the Motion to Remand shall be granted, and this case shall be remanded to the Cuyahoga Court of Common Pleas.  Plaintiff's failure timely to file a compliant notice (or failure to file a notice at all) shall result in immediate denial of the Motion to Remand.

**IT IS SO ORDERED.**

*s/Kathleen M. O'Malley*
**KATHLEEN McDONALD O'MALLEY**
**Dated: April 14, 2008**          **UNITED STATES DISTRICT JUDGE**

2